IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00473-PAB-NRN

STEVEN DEMARS,

Plaintiff,

v.

BLAKE BISHOP,

Defendant.

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS**

Entered by Magistrate Judge N. Reid Neureiter

This case is before the court pursuant to an Order Referring Case entered by Judge Philip A. Brimmer on April 20, 2018 (Docket No. 9).

In an Order to Show Cause entered on April 25, 2018 (Docket No. 11), the court set a Show Cause Hearing for June 13, 2018 at 11:00 a.m. That Order to Show Cause also directed Plaintiff Steven DeMars to provide the full name and current address for Defendant John Doe 1 in order for the United States Marshals to effect service. On July 2, 2018, Mr. DeMars filed a motion to substitute Blake Bishop for Defendant John Doe 1 (Docket No. 13). Judge Brimmer granted that motion on July 9, 2018, but ordered that the Show Cause Hearing remain set regarding Blake Bishop's address (Docket No. 14). On July 27, 2019, Judge Brimmer vacated the Show Cause Hearing, but informed Mr. DeMars that the order requiring him to provide the current address for Blake Bishop remained in place (Docket No. 16). Mr. DeMars did not provide the Court with the address on or before August 2, 2018. Then, on July 27, 2018, the Court entered a

minute order setting a Status Conference for September 17, 2018 at 10:30 a.m. (Docket

No. 17). Mr. DeMars did not appear, either in person or by telephone, at the September

17, 2018 the Status Conference.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

If the plaintiff fails to prosecute or to comply with these rules or a court
order, a defendant may move to dismiss the action or any claim against it.
Unless the dismissal order states otherwise, a dismissal under this
subdivision (b) and any dismissal not under this rule–except one for lack
of jurisdiction, improper venue, or failure to join a party under Rule 19–
operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion

or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other

pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in

Rule 16(f), permits the following sanctions:

(ii) prohibiting the disobedient party from supporting or opposing
designated claims or defenses, or from introducing designated
matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order
except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Local Rule 41.1

provides:

A judicial officer may issue an order to show cause why a case should not
be dismissed for failure to prosecute or failure to comply with these rules,
the Federal Rules of Civil Procedure, or court order. If good cause is not

shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute and failure to comply with court orders.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: October 3, 2018          */s/ N. Reid Neureiter*
Denver, Colorado                N. Reid Neureiter
                                United States Magistrate Judge